NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELIZABETH S. BURKE,

Plaintiff - Appellant,

v.

FRANK BISIGNANO, Commissioner of
Social Security,

Defendant - Appellee.

No. 24-5863

D.C. No.
3:23-cv-06190-MLP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

Argued and Submitted December 4, 2025
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[**]

Elizabeth Shannon Burke ("Burke") seeks review of the Commissioner of

Social Security's denial of her applications for Supplemental Security Income and

Disability Insurance benefits. Because the parties are familiar with the facts, we do

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

not recite them here. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order upholding the denial of benefits. *Farlow v. Kijakazi*, 53 F.4th 485, 487 (9th Cir. 2022). We must affirm the ALJ's factual findings if they are supported by substantial evidence. 42 U.S.C. § 405(g). We review the ALJ's assessment of a claimant's symptom testimony to determine whether it is supported by "specific, clear and convincing reasons." *Garrison v. Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014) (citation omitted). We affirm.

Substantial evidence supports the ALJ's assessment of the medical opinions of Joel Felipe, M.D., a treating physician, and Terilee Wingate, Ph.D., an examining psychologist. 20 C.F.R. §§ 404.1527, 416.927. The ALJ reasonably gave little weight to parts of Dr. Felipe's opinions because they were contradicted by lab results, Burke's own testimony, and the findings of examining physician Syed Islam, M.D. Likewise, the ALJ reasonably gave little weight to Dr. Wingate's 2019 and 2020 opinions because they were contradicted by her contemporaneous observations, her 2017 opinion, and other medical evidence. Because the ALJ's interpretation of these opinions was reasonable, we must defer to it. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

Substantial evidence also supports the ALJ's assessment of the remaining medical evidence that Burke challenges on appeal. The ALJ reasonably gave great weight to the non-examining state agency consultants' findings because he found

them consistent with independent clinical findings in the record. *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The fact that the consultants did not review any evidence beyond May 2016 does not undermine the ALJ's assessment because the ALJ found their opinions supportable and consistent with the record as a whole. *See* 20 C.F.R. §§ 404.1527(c); 416.927(c). Burke's contention that the findings of Elizabeth Koenig, M.D., are consistent with Dr. Wingate's opinions lacks the requisite specificity to establish error. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."). Similarly, although Burke summarizes the findings of her other treatment providers, she does not identify specific errors in the ALJ's assessment of those findings. We decline the invitation to "manufacture arguments" where none has been made. *Id.* (citation omitted).

The ALJ's conclusion that Burke's limitations were not as extensive as she had alleged was "specific, clear and convincing." *Garrison*, 759 F.3d at 1014–15. To be sure, an ALJ may not discount a claimant's subjective symptom testimony by relying solely on the absence of corroborating objective medical evidence. *Ferguson v. O'Malley*, 95 F.4th 1194, 1200 (9th Cir. 2024). In this case, the ALJ considered not only the absence of corroborating objective medical evidence, but also the presence of inconsistent objective medical evidence. *Id.* The ALJ "specifically identif[ied]" Burke's testimony about the severity of her lupus, spinal disorder,

24-5863

obesity, joint pain, and mental health impairments, and explained that test results and treating records demonstrated improvements in her conditions and "undermine[d] the testimony." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001).

Because the ALJ's analysis of the medical evidence and Burke's testimony was not flawed, we conclude that the ALJ properly assessed Burke's residual functional capacity ("RFC"). *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008) (rejecting claimant's challenge to step-five RFC determination and because it merely "restate[d] her argument that the ALJ's RFC finding did not account for all her limitations").

**AFFIRMED.**